## Henry Dones v. The State.

1. **Murder — Charge of the Court.** — In a trial for murder, the evidence tended to show that the mortal blow was struck under the influence of sudden passion, and that the weapon and the manner of its use were not calculated to produce death. *Held,* that this issue should have been submitted to the jury, with the instruction that, in case they so found the facts, the defendant was not amenable for the homicide unless he intended to kill. Rev. Penal Code, art. 614.

2. **Same.** — On the other hand, the evidence was such that the jury might have deduced from it the conclusion that the injury was "inflicted in a cruel manner," or that the circumstances showed "an evil or cruel dis-

position," or an intention to kill. *Held*, that the jury should have been instructed that, in case they so found the facts, the defendant was guilty of some grade of felonious homicide, according to the facts. Rev. Penal Code, arts. 612, 613, 615.

APPEAL from the District Court of Harrison. Tried below before the Hon. A. J. BOOTY.

The indictment charged the appellant with the murder of Lou Dones, on June 14, 1879, by striking her on the head with a glass tumbler, and inflicting a wound of which she died on June 28, 1879.

The defendant and the deceased were negroes, and husband and wife. She accused him of keeping another woman, and a quarrel between them ensued, resulting in his picking up a small tumbler from a bureau and striking her a blow with it upon the head, and cutting a gash of an inch and a half in length, but not fracturing the skull. The next day she walked to church, a distance of a mile and a half, and for several days afterwards she engaged in washing, ironing, and her other customary labors. Eventually, however, she was seized with lock-jaw, which the doctors imputed to the blow on the head, and from which she died within two weeks after she received the blow. Immediately after it was inflicted, her mother applied cobwebs, turpentine, and sugar to the wound; and this treatment was considered by the doctors to be injurious, and well calculated, in connection with her subsequent imprudence, to cause the wound to superinduce the lock-jaw. The doctors thought that the wound, if properly treated, would not have proved serious. They were not called in until the lock-jaw had supervened.

The jury found the appellant guilty of murder in the second degree, and assessed his punishment at nine years in the penitentiary. A new trial was refused, and he appealed.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

CLARK, J.   The circumstances in evidence tended to establish that the mortal blow was given under the influence of sudden passion, and that the weapon used, as well as the manner of its use, was not calculated to produce death. On the other hand, the injury may have been inflicted in a cruel manner, and the circumstances attending it may have shown an evil or cruel disposition.   This state of the evidence necessitated the presentation of both issues to the jury, in order that they might satisfactorily determine the very truth as to the act of the defendant and his purpose of mind in its commission.   If it appeared to them satisfactorily from the evidence, or if the evidence left their minds in a condition of reasonable doubt upon the point, that there was no intention on the part of the defendant to kill, but that in a moment of passion, superinduced by an accusation of infidelity, he seized a tumbler and struck the blow which ultimately caused the death, then they should have found him not guilty of the homicide.   Pasc. Dig., art. 2274.   If, however, it satisfactorily appeared to them from the evidence, beyond a reasonable doubt, that the manner in which the tumbler was used evinced an evil or cruel disposition, or an intention to kill, then they should have found the defendant guilty of some grade of felonious homicide, according to the facts of the case.   Pasc. Dig., arts. 2272, 2273, 2275.

The otherwise excellent charge of the learned judge who presided on the trial failed to properly draw these distinctions, vital to the interests of the defence, and left the jury uninstructed as to the provisions of art. 2274, although his attention was specially called thereto by an instruction asked by the defendant and refused.   The jury were instructed " that the instrument or means by which a homicide is committed are to be taken into consideration in judging of the intent of the party offending.   If the instrument

be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears." And they were further instructed that, " where the circumstances attending the homicide show that the injury was inflicted in a cruel manner, though with an instrument not likely under ordinary circumstances to produce death; or where the circumstances show an evil or cruel disposition, or that it was the intention of the person offending to kill, the person killing will be guilty of murder of the first or second degree, according to the facts of the case," etc.

And these principles were further applied to the case on trial, in a subsequent portion of the charge, though submitted in a negative form; and the jury were further told that if they should acquit of murder, and should find that the defendant struck the deceased with a glass tumbler, and that the deceased was a female, they would convict for aggravated assault. But they were not told that " where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless it appears that there was an intention to kill." * * *

Upon another trial, it would be the better practice to submit these several issues with direct reference to the facts in evidence and the particular case, rather than in the form of abstract propositions as taken from the statutes. *Francis* v. *The State*, 7 Texas Ct. App. 501.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*